**Alfred LEFTWICH, Plaintiff,**

v.

**James FOX, U.S. Parole Officer John Limbach, U.S. Parole Officer Frederik Schramm, U.S. Parole Off. Dennis Calabro, Police Officer Philip Realmuto, Police Officer Dearick Jones, Police Officer, Defendants.**

**No. 81 Civ. 7601.**

United States District Court,
S.D. New York.

Feb. 23, 1983.

Alfred Leftwich, plaintiff pro se.

John S. Martin, Jr., U.S. Atty., S.D.N.Y., New York City, for defendants Fox, Limbach and Schramm; Thomas D. Warren, Asst. U.S. Atty., New York City, of counsel.

Frederick A.O. Schwarz, Jr., Corp. Counsel, New York City, for defendants Calabro, Realmuto and Jones; Evelyn Jonas, Asst. Corp. Counsel, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

The plaintiff, Alfred Leftwich, was a parolee under a sentence following his conviction in the United States District Court for armed robbery. He brings this action under 42 U.S.C., section 1983, against two United States Parole Officers, James M. Fox and John P. Limbach,[1] and three New York City Police Officers, Dennis Calabro, Philip Realmuto, and Derrick Jones. The defendants have all moved to dismiss the complaint under Federal Rule of Civil Procedure 56.

Fox had been plaintiff's parole officer. He received information that plaintiff was involved in a large-scale numbers operation, and solicited the assistance of the other named defendants during surveillance of plaintiff because of the high crime and delinquency reputation of the area in which plaintiff was operating. While surveilling the area, the police officers observed one Gregory Churchill behind the counter of what appeared to them to be a numbers location. Fox had also been informed that plaintiff and Churchill worked together. Later, plaintiff himself was seen leaving those premises with Churchill and entering an automobile with him. After they had driven a distance, Fox decided to confront plaintiff as to his involvement with the numbers operation. In doing so, he enlisted the aid of the other defendants. Upon stopping the car, two loaded revolvers were found in it. Subsequently, both Churchill and plaintiff were indicted by a Kings County grand jury of two counts of criminal possession of a weapon.

Prior to trial, Churchill and plaintiff moved to suppress the evidence found in the vehicle on the ground that their Fourth Amendment rights had been violated. After an evidentiary hearing, the Court denied the motion to suppress, finding that the defendants had reasonable grounds to intercept and search the vehicle.[2] Upon trial, Churchill was convicted on both counts, but the jury failed to return a verdict as to plaintiff. Thereafter, and following a hearing before the Parole Commission, his parole was revoked.

Subsequent to his conviction, plaintiff commenced this action. In his complaint, he alleges that his Fourth Amendment rights were violated because "there was no lawful reason why plaintiff was to be stoped [sic] and then searched .... [T]here was no cause for the stop."

---

1. Plaintiff initially named a third parole officer as a defendant, but has since withdrawn the action as to him.

2. The Court's detailed findings are at Warren Aff.Ex. B.

This claim is frivolous in light of the evidentiary hearing conducted by the state court judge on the plaintiff's motion to suppress, and the detailed evidentiary findings made which clearly establish the reasonableness of the interception and search of the vehicle. The plaintiff has raised the identical issue here that he raised before the state court in his motion to suppress, and the issue was litigated upon a full evidentiary hearing, and decided adversely to him. Accordingly, the determination by the state court is conclusive, and plaintiff's claim is barred by the doctrine of collateral estoppel.[3]

The complaint is dismissed.

So ordered.

---

**3.** *See Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979); *Parklane Hosiery v. Shore,* 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979). *Cf. Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).