**Darnell MITCHELL, Plaintiff,**

v.

**Detective HARTNETT # 5966 John Doe # 27155–Bust & Buy Team Others are Unknown, Defendants.**

**No. 01 CV. 3267(VM).**

United States District Court, S.D. New York.

May 5, 2003.

Darnell Mitchell, Sonyea, NY, for Plaintiff.

Brett H. Klein, Corporation Counsel of the City of New York, Brooklyn, NY, for Defendants.

### *DECISION AND ORDER*

MARRERO, District Judge.

Pro se plaintiff Darnell Mitchell ("Mitchell"), incarcerated at New York State's Gowanda Correctional Facility, brought this action pursuant to 42 U.S.C. § 1983 (" § 1983"). Mitchell claims that defendant Peter Hartnett ("Hartnett"), a New York City police detective, subjected Mitchell to an unreasonable search and seizure in violation of his constitutional rights under the Fourth Amendment. On behalf of Harnett and the other members of Hartnett's drug bust team, who are also defendants but are not identified by name in the complaint, the City of New York filed a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) or for summary judgment pursuant to Fed. R.Civ.P. 56 (the "Motion"), asserting that this § 1983 action is barred by collateral estoppel, and that Hartnett is entitled to qualified immunity with respect to the arrest of Mitchell that gave rise to this action. For the reasons set forth below, the Motion is granted.

## I. *FACTUAL BACKGROUND AND STATE PROCEEDINGS*

On May 1, 2001, Mitchell was convicted by a jury in Supreme Court, New York County, of Criminal Sale of a Controlled Substance in the Third Degree and Criminal Possession of a Controlled Substance in the Third Degree (New York Penal Laws §§ 220.39(1) and 220.16(1), respectively). Mitchell was sentenced to a prison term of four and one half to nine years on each count, with the sentences running concurrently.

At Mitchell's trial (the "Trial"), the prosecution presented evidence that on November 6, 2000, Mitchell sold a controlled substance to an unidentified New York police officer, and was then later discovered by Harnett to be in possession of two glassines of heroin. As described by the officers on the scene, an undercover officer purchased a controlled substance from a man during a buy and bust operation, and radioed his back-up team (the "Team") with a description of a seller. While the Team could not immediately locate the alleged seller, about two hours later they saw Mitchell, who matched the prior description, in the same area, and placed him under arrest.

After the undercover officer positively identified Mitchell, officers on the Team alleged that they witnessed Mitchell fidgeting with his hands near his back pocket, and, concerned that he had a weapon, Hartnett, a member of the Team, searched Mitchell. During the search, Hartnett removed Mitchell's pants and recovered two glassine packages of suspected heroin from the area of Mitchell's buttocks.

On December 19, 2000, prior to the Trial but after his indictment on the charges, Mitchell filed a motion with the state court pursuant to New York Criminal Procedure Law § 710.20 to suppress the contraband that was found on his person on the grounds that it was the product of an unlawful search (the "Suppression Motion"). The Suppression Motion was denied on May 23, 2001, with the court finding that Mitchell was detained following a proper arrest, and the police were justified to search him as a search incident to a valid arrest. (Suppression Decision, attached as Exhibit G to Declaration of Rachel A. Seligman, dated Oct. 4, 2002 ("Seligman Dec."), at 2–3.) Prior to the Trial, Mitchell also brought a petition for a writ of habeas corpus with the state court, which was denied on May 18, 2001 on the grounds that it was an inappropriate way to challenge the admissibility of the evidence, and that such a challenge should be made through a suppression motion. (Decision and Order, attached as Exhibit F to Seligman Dec., at 1.)

In his action now before this Court, Mitchell repeats his claim from the Suppression Motion that the Team's—and in particular, Harnett's—stop and search violated his Fourth Amendment rights. His request for relief states that he is "looking forward to some justice from the law, and for the Courts to uphold [his] Constitutional rights. . . ." (Complaint, attached as Exhibit A to Seligman Dec., at 6.)

## II. *DISCUSSION*

### A. *STANDARD OF REVIEW*

The standard of review for a motion for judgment on the pleadings pursuant to Rule 12(c) is the same as that for a Rule 12(b)(6) motion to dismiss. *See Patel v. Contemporary Classics of Beverly Hills,* 259 F.3d 123, 124 (2d Cir.2001). In the course of reviewing such a motion, courts must "accept as true the factual allegations of the complaint, and draw all inferences in favor of the pleader." *Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1174 (2d Cir. 1993) (citations omitted). The complaint may only be dismissed when "it appears beyond doubt that the plaintiff can prove

no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Review must be limited to the complaint and documents attached or incorporated by reference thereto. *See Kramer v. Time Warner, Inc.,* 937 F.2d 767, 773 (2d Cir.1991).

### B. *COLLATERAL ESTOPPEL*

■ Under the doctrine of collateral estoppel, courts may prohibit relitigation of an issue if a court has already decided the same issue of fact or law in a prior litigation involving a party to the first case, assuming that the prior decision was necessary to the court's final judgment. *See Pappas v. Giuliani,* 118 F.Supp.2d 433, 437 (S.D.N.Y.2000). The Supreme Court has held that the doctrine of "collateral estoppel bar[s] a § 1983 action by a criminal defendant for an alleged violation of his Fourth Amendment rights where the state court, after a full and fair hearing, has ruled that the defendant's Fourth Amendment rights were not violated, and the defendant is thereafter convicted." *Brown v. De Fillipis,* 717 F.Supp. 172, 178–79 (S.D.N.Y.1989) (citing *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980)).

■ Here, Mitchell challenges the lawfulness of an arrest that was the subject of a motion to suppress in his criminal proceeding, in which he also challenged the lawfulness of his arrest. In that proceeding, a *Mapp/Wade* hearing (the "Hearing") was held, at which testimony was taken from what appears to be one of the arresting officers.[1] Mitchell had—and according to his lawyer's motion papers, intended to use—the opportunity to call witnesses on his behalf and cross-examine each of the prosecution witnesses, both as to the accuracy of their testimony as well as to their credibility. (*See* Affirmation of Ronald Alfano, Esq., attached as Exhibit C to Seligman Dec., at 5–7.) On the basis of these arguments and testimony, the state court's findings specifically concluded that Mitchell's arrest was lawful and the evidence obtained incident to the arrest was admissible.

Thus, the same issue, the lawfulness of Mitchell's arrest, was the subject of the suppression hearing and underlies this § 1983 action. Mitchell has not offered any reasons why he did not have a full and fair opportunity to litigate his unlawful arrest claim in state court, and the Court is not aware of any such reasons from its review of the record. Accordingly, the determination by the state court is conclusive, and the instant action is barred by the doctrine of collateral estoppel. *See Brown,* 717 F.Supp. at 178–80 (barring § 1983 claim because suppression hearing had been held in which defendant had opportunity to attack introduction of evidence); *Leftwich v. Fox,* 556 F.Supp. 390, 392 (S.D.N.Y.1983) (same).

### III. *CONCLUSION AND ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that defendant's motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) is granted.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**

---

1. The state court notes that Sergeant Manuel Hernandez testified at the Hearing, but then appears to rely on the testimony of an officer named Walsh. (*See* Suppression Decision, Seiligman Dec. Exh. G, at 1.) The Court disregards this discrepancy because it does not affect the impact of the testimony, nor the ultimate decision by the state court.