Tonia CAMPBELL, Plaintiff–Appellant,

v.

KANE, KESSLER, P.C., Jointly and severally; Lois M. Traub, Jointly and severally, the Righa Royal Hotel/Righa International, Jointly and severally; John Quirke, Jointly and severally; Lisa Litchenstein, Jointly and severally; Marriott International Incorporated, Jointly and severally; Donna Cabibi, Jointly and severally; the Hotel and Restaurant Union, Local 6, Hotel Restaurant, and Club Employees and Bartenders Union, AFL–CIO, Jointly and severally; Herrick, Feinstein, L.L.P, Jointly and severally; Joseph Fareli, Jointly and severally, Defendants–Appellees.

**Docket No. 04–3929.**

United States Court of Appeals,
Second Circuit.

June 28, 2005.

Tonia Campbell, Silver Spring, MD (on submission), for Plaintiff–Appellant, pro se.

Brian S. Cousin, Greenberg Traurig, LLP, New York, N.Y. (on submission), for Defendants–Appellees Marriott International, Inc. and Donna Cabibi.

Jane Lauer Barker, Pryor Cashman Sherman & Flynn LLP, New York, N.Y. (on submission), for Defendants–Appellees The Hotel and Restaurant Union, Hotel, Restaurant & Club Employees and Bartenders Union, Local 6, Herrick, Feinstein LLP, and Joseph Farelli.

Judith A. Stoll, Kane Kessler, P.C., New York, N.Y. (on submission), for Defendants–Appellees Kane Kessler, P.C., Lois M. Traub, The Righa Royal Hotel/Righa International, John Quirke, and Lisa Litchenstein.

PRESENT: MINER, CALABRESI, Circuit Judges, and KEENAN,* District Judge.

* The Honorable John F. Keenan, United States District Court for the Southern District of New York, sitting by designation.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED**.

Plaintiff–Appellant, Tonia Campbell ("Campbell"), acting *pro se,* filed a complaint in the New York State Supreme Court asserting claims for breach of contract, fraud and deceit, and defamation against numerous defendants, including managers, lawyers, and union officials, associated with her previous employment in the hotel industry. Pursuant to a petition brought by the defendants, the suit, because it raised federal questions under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), was removed to the United States District Court for the Southern District of New York.

After Campbell filed a motion to remand the case to state court, the defendants moved for an order under Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing Campbell's complaint. The district court denied Campbell's motion to remand, converted the defendants' Rule 12(b)(6) motion to a motion for summary judgment, and dismissed the complaint in its entirety.

On appeal, Campbell raises a number of arguments, including that the district court erred in (1) granting the defendants' removal petition and holding her state-law claims preempted by the LMRA, (2) dismissing her complaint for failure to exhaust administrative remedies and for being time-barred, and (3) holding that she failed to show a cause of action for her

breach of contract, fraud, deceit, and defamation claims.

We assume familiarity with the facts, the procedural history, and the issues on appeal.

Our review of the district court's denial of Campbell's motion to remand and its grant of defendants' motion for summary judgment is *de novo. See Kapps v. Wing,* 404 F.3d 105, 112 (2d Cir.2005); *Shafii v. British Airways PLC,* 83 F.3d 566, 570 (2d Cir.1996).

■ We agree with the district court's decision to remove Campbell's suit to federal court, *see* 28 U.S.C. § 1441(a); *see also Wynn v. AC Rochester,* 273 F.3d 153, 157 (2d Cir.2001), as well as its holding that Campbell's state-law claims were preempted by federal law. Even though Campbell's complaint raised state-law claims, "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 [LMRA] claim or dismissed as preempted." *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 220, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985) (citation omitted); *see also Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 23, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) ("[T]he preemptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." (internal quotation marks omitted)).

■ We similarly find no justification for Campbell's claim on appeal that, be-cause the contract grievance procedures were inadequate to protect her interests, she should be excused from exhausting her administrative remedies under the collective bargaining agreement (the "Industry–Wide Agreement" or "IWA"). In order to maintain an action under § 301, an employee must "at least attempt to exhaust exclusive grievance and arbitration procedures established by the [collective] bargaining agreement." *Vaca v. Sipes,* 386 U.S. 171, 184, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *see also Pitta v. Hotel Ass'n of New York City, Inc.,* 806 F.2d 419, 422 (2d Cir.1986) (holding the IWA to be so encompassing that "[n]o grievance . . . is excluded from [its] broad coverage"). Campbell does assert that her union representatives, "at best," perfunctorily pressed [her] claims. But absent an allegation that Campbell attempted and was frustrated in her attempt to invoke the arbitration provisions of the IWA, we find no reason to excuse her failure to exhaust. *See Vaca,* 386 U.S. at 185–86, 190–94, 87 S.Ct. 903; *see also Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 564, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976); *Samuels v. Air Transport Local 504,* 992 F.2d 12, 16–17 (2d Cir.1993).

■ There are certain situations in which an aggrieved employee need not exhaust his or her administrative remedies. One of these is when a union breaches its duty of fair representation to the employee.[1] *See White v. White Rose Food,* 128 F.3d 110, 114 (2d Cir.1997); *see also Vaca,* 386 U.S. at 185–86, 87 S.Ct. 903. In such

---

**1.** Based on Campbell's pleadings, we cannot read the allegations of inadequate responsiveness on the part of the union representatives, in pursuing her enforcement claims, as constituting a breach of duty that would excuse her failure to exhaust. Though a breach of duty justifying an employee's failure to exhaust can be found when a union's conduct is "arbitrary, discriminatory, or in bad faith," *Vaca,* 386 U.S. at 190, 87 S.Ct. 903, including when the union "ignores or perfunctorily presses a meritorious claim," *Samuels,* 992 F.2d at 16, Campbell's charges do not appear to rise to that level. We have been told only that the union addressed Campbell's initial concern and that various follow-up calls

instances, an employee can bypass the collective-bargaining grievance procedure and bring a "hybrid" § 301/duty of fair representation claim in federal court against both the employer and the union. *See White*, 128 F.3d at 114–15; *see also Del-Costello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The statute-of-limitations period for this "hybrid" action is six months, *see DelCostello*, 462 U.S. at 169, 103 S.Ct. 2281, and it "begins to run when the employee knew or should have known of the breach of the duty of fair representation." *See White*, 128 F.3d at 114. Because Campbell brought this suit nearly nine months after she should have known of the alleged breach of duty,[2] even assuming *arguendo* that the union's representation was inadequate, and that the union breached its duty to her, Campbell's complaint was nevertheless properly dismissed as untimely by the district court.

We have considered all of Campbell's arguments and find them to be without merit. We therefore AFFIRM the judgment of the district court.[3]

placed by Campbell to the union were not returned. While we are troubled by the union's unwillingness to respond to Campbell's calls—and its failure to explain that unwillingness to this court or to the court below—without knowledge of the nature of those calls and *without a sense of what type of relief* Campbell was seeking, we cannot conclude that the union's unresponsiveness was arbitrary. *See Vaca*, 386 U.S. at 192–94, 87 S.Ct. 903 (noting that a union's refusal to pursue a claim to the arbitration stage is not an act of bad faith provided the union took the employee's initial concern seriously).

2. For the reasons stated above in note 1, *supra,* we understand Campbell to argue in effect that a breach of duty occurred only in the negotiations of the settlement agreement, but not in the enforcement of it.

3. The district court did not make clear whether the dismissal was with or without prejudice. Given that the court did not reach the merits on all the claims raised in the complaint and assuming there is no statute of limitations or any other procedural bar that would prevent Campbell from attempting to exhaust her administrative remedies now, we take the district court to have entered a dismissal without prejudice.

