**Robert REBAUDO, Plaintiff,**

v.

**AT & T and William F. Henderson, President, Communications Workers of America, Local 1298, Defendants.**

**No. 3:07CV00396 (DJS).**

United States District Court, D. Connecticut.

June 12, 2008.

John R. Williams, New Haven, CT, for Plaintiff.

David J. Vegliante, Southern New England Telephone Co., New Haven, CT, Lori B. Alexander, Theresa M. Waugh, Littler Mendelson, North Haven, CT, Atul Talwar, Semel Young & Norum, New York, NY, Mary E. Kelly, Livingston, Adler, Pulda, Meiklejohn & Kelly, Hartford, CT, for Defendants.

## MEMORANDUM OF DECISION AND ORDER

DOMINIC J. SQUATRITO, District Judge.

The plaintiff, Robert Rebaudo ("Rebaudo"), brings this action against the defendants, AT & T Services, Inc. ("AT & T")[1]

---

1. AT & T represents that, although the Plaintiff sued "AT & T," at the time of his termination, the Plaintiff worked for AT & T Services, Inc.

and William F. Henderson, President, Communications Workers of America, Local 1298 ("the Union") (collectively, "the Defendants"), alleging the following Connecticut state law claims: (1) wrongful discharge (Count One); (2) breach of implied contract (Count Two); (3) breach of the implied covenant of good faith and fair dealing (Count Three); retaliation (Count Four); negligent investigation (Count Five); negligent infliction of emotional distress (Count Six); defamation (Count Seven); discrimination (Count Eight); and negligent representation (Count Nine). Counts One through Eight are against AT & T only. Count Nine is against the Union only.

Rebaudo filed this action in the Connecticut Superior Court. It was subsequently removed to this court. Now pending before the court is AT & T's motion for judgment on the pleadings (dkt. # 31) pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). For the reasons that follow hereafter, the motion for judgment (dkt. # 31) is **GRANTED in part and DENIED in part.**

## I. FACTS

The allegations in the complaint are as follows. Rebaudo, a resident of Connecticut, was a building mechanic for AT & T. He began his employment with AT & T in 1980. The Union is a local union chapter headquartered in Hamden, Connecticut.

According to Rebaudo, he had to endure unwarranted harassment and discrimination from his supervisor regarding his appearance, despite always looking professional and presentable. Rebaudo also alleges that he endured additional harassment and discrimination because of "blatantly unrealistic expectations and timeframes from his supervisor."

On June 8, 2005, AT & T informed Rebaudo that there were "charges" filed against him. Rebaudo maintains that AT & T would not explain with what he was being charged. A meeting was scheduled subsequently to discuss these charges. Rebaudo states that he wanted to bring a tape recorder or attorney with him to the meeting to "safeguard his interests," but AT & T refused to allow either. Claiming to have felt threatened and uncomfortable, Rebaudo elected not to attend the meeting. The meeting was held despite Rebaudo's absence. At the meeting, AT & T management decided to place Rebaudo on probation for one year based on the charges brought against him, which apparently were sexual harassment charges.

Rebaudo further claims that in December 2005, AT & T corporate security falsely and in bad faith claimed that he had falsified his timesheets. In addition, Rebaudo alleges that on February 2, 2006, an AT & T employee "violently and unexpectedly" shoved him without provocation. According to Rebaudo, he reported this incident to his supervisor, who "only superficially inquired into the incident, conducted no investigation, and took no disciplinary action against" the employee. Thereafter, on February 28, 2006, AT & T discharged Rebaudo from his position as a building mechanic.

In his complaint, Rebaudo states that, when he was discharged from his employment, he was less than three weeks from retirement. Rebaudo claims that AT & T discharged him in order to prevent him from receiving retirement benefits, including medical benefits and free telephone service. According to Rebaudo, the treatment and work environment he experienced were part of a plot by AT & T to drive him out of the company, and they provide a pretext for terminating him so that AT & T would not have to give him his retirement package. Rebaudo maintains that AT & T's conduct constituted

wrongful discharge, breach of implied contract, breach of the implied covenant of good faith and fair dealing, retaliation, negligent investigation, and negligent infliction of emotional distress, and discrimination. Rebaudo also maintains that the sexual harassment charges made against him; statements made by his supervisor accusing him of making unauthorized purchases; statements made by another AT & T employee accusing him of falsifying work reports; statements made by corporate security accusing him of falsifying timesheets; statements by a female employee accusing him of acting in a rude, threatening, and unprofessional manner during a telephone conversation; and statements by a female employee accusing him of threatening her, were false and defamatory. Rebaudo further maintains that the Union failed to provide him with adequate representation, constitution negligent representation.

## II. DISCUSSION

### A. STANDARD

■ "After the pleadings are closed but within such time as not to delay trial, any party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir.2001). "In both postures, the district court must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." *Id.* "The court will not dismiss the case unless it is satisfied that the complaint cannot state any set of facts that would entitle [the plaintiff] to relief." *Id.*

■ "A district court must convert a motion for judgment on the pleadings to one for summary judgment if the motion includes material 'outside the pleadings' and that material is 'not excluded by the court.'" *Sira v. Morton*, 380 F.3d 57, 66 (2d Cir.2004) (quoting Fed.R.Civ.P. 12(c)). "A complaint is deemed to include any written instrument attached to it as an exhibit, ... materials incorporated in it by reference, ... and documents that, although not incorporated by reference, are 'integral' to the complaint...." *Id.* at 67 (internal citations omitted).

Here, Rebaudo, in his complaint, relies on his labor agreement ("the Agreement") with the Union, his benefit plan documents, and filings with the CHRO. Although Rebaudo did not attach all of these materials to the complaint, they are nevertheless either incorporated in the complaint by reference or integral to the complaint. Therefore, the court may consider these materials without converting the motion for judgment on the pleadings into a motion for summary judgment.

### B. REMOVAL AND PREEMPTION

The court must first discuss the issues of removal and preemption in this case. As seen in the complaint, Rebaudo classified all of his claims as state law claims. Nevertheless, the Defendants petitioned for removal on the basis that Rebaudo's lawsuit is founded on claims arising out of federal law. According to the Defendants, this court had jurisdiction over Rebaudo's lawsuit because Rebaudo sought damages out of his participation in a pension and welfare benefits program, and out of his participation the Agreement, which are actually claims under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.* ("ERISA") and Section 301 of the Labor Management Relations Act, 29 U.S.C. §§ 141 *et seq.* ("LMRA").

■ To begin with, the court notes that a defendant may remove an action

from state to federal court under 28 U.S.C. § 1441(a) if the plaintiff's "well-pleaded complaint" includes a federal cause of action. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Additionally, it is entirely proper to remove to federal court a complaint purporting to be based on state law when the claims contained therein fall within an area that Congress has completely preempted; in such a situation, the claims in the complaint are considered from their inception to be federal claims that arise under federal law within the original jurisdiction of the federal court. *Id.* at 393, 107 S.Ct. 2425; *see Campbell v. Kane, Kessler, P.C.*, 144 Fed.Appx. 127, 130 (2d Cir.2005). In order for the removal in this case to have been proper, at least one of Rebaudo's claims must have been preempted by ERISA or the LMRA. As the court shall discuss below, removal was proper here.

"[T]he preemption language of ERISA is expansive." *HMI Mech. Sys., Inc. v. McGowan*, 266 F.3d 142, 148 (2d Cir.2001). Indeed, ERISA "supersedes 'any and all State laws insofar as they may now or hereafter relate to any employee benefit plan [that ERISA covers].'" *Id.* (quoting 29 U.S.C. § 1144(a)). With regard to the LMRA, "[t]he Supreme Court has interpreted section '301 as a congressional mandate to the federal courts to fashion a body of federal common law to be used to address disputes arising out of labor contracts.'" *Vera v. Saks & Co.*, 335 F.3d 109, 114 (2d Cir.2003) (quoting *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 209, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985)). "Thus, when a state claim alleges a violation of a labor contract, the Supreme Court has held that such claim is preempted by section 301 and must instead be resolved by reference to federal law." *Id.* Furthermore, "'[q]uestions relating to what the parties to a labor agreement agreed, and

what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort.'" *Id.* (quoting *Allis–Chalmers Corp.*, 471 U.S. at 211, 105 S.Ct. 1904). "'[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law.'" *Id.* (quoting *Allis–Chalmers Corp.*, 471 U.S. at 220, 105 S.Ct. 1904).

■ Based on the above language, it is not difficult to determine that preemption is applicable here. Then the issue becomes how many of Rebaudo's claims are preempted. All of the counts in the complaint incorporate the allegation that AT & T terminated Rebaudo in order to save money on an employee benefit plan, which implicates ERISA. The wrongful discharge count, the breach of implied contract count, and the breach of the implied covenant of good faith and fair dealing count all would require the court to interpret the terms of the Agreement. This means that those claims are preempted by the LMRA. The negligent investigation count would require the court to determine whether AT & T breached its obligations under the Agreement, which again means that such a claim is preempted by the LMRA. The negligent infliction of emotional distress claim additionally would require the court to examine whether AT & T acted reasonably under the Agreement. That claim is thus preempted by the LMRA. Moreover, the defamation claim is preempted by the LMRA because the court would need to look at the Agreement, which governs the terms and conditions of the relationship between AT & T

and Rebaudo, and provides the context for the allegedly defamatory statements.

The court points out that Rebaudo himself does not contest, or discuss, this preemption issue. In fact, Rebaudo appears to concede that his claims are ERISA and LMRA claims, for in his opposition memorandum, Rebaudo makes arguments under ERISA and the LMRA without addressing the preliminary issue of whether his claims fall under those statutes. Therefore, in light of the above, the court finds that all of Rebaudo's claims against AT & T are preempted either by ERISA or the LMRA.[2]

■ The court next turns to AT & T's argument that, because Rebaudo's claims against it are preempted by federal law, they must be dismissed. Unfortunately, as the court noted above, Rebaudo did not discuss preemption, which in turn means that he did not discuss whether any such preemption requires dismissal of his claims. If the court were to accept AT & T's argument here, all of Rebaudo's claims against AT & T would be dismissed, and judgment would enter in favor of AT & T, because Rebaudo did not specifically mention the federal statutes.

The court believes that entering judgment in favor of AT & T on all claims solely because of preemption would an overly rhadamanthine decision. In their removal notices, the Defendants represented that the complaint, although specifying only state claims, actually raises federal claims that must be decided under federal law. The case was removed on that basis. Now, AT & T is claiming that preemption demands dismissal of the claims. That is, AT & T previously stated that Rebaudo's complaint actually alleges federal claims, yet now is asking the court to dismiss those claims because the state law claims specified in the complaint are preempted by federal statutes, which were not specified in the complaint. AT & T cannot have it both ways.

Normally, in those cases where a preemption argument is raised, the complaint alleges an ERISA or LMRA claim and state law claims. Thus, even if preemption applied and the state law claims were dismissed, the case survives absent other considerations. Here, on the other hand, if the court were to accept AT & T's position, Rebaudo's case against AT & T would not survive because there would be no claims left. Dismissal because of preemption, however, is not the court's only option. As noted above, when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be dismissed as preempted or treated as a § 301 claim. The court sees no reason why it should not treat Rebaudo's claims as ERISA and LMRA claims, as opposed to simply dismissing them outright.

Furthermore, even if the court were to dismiss these claims, it would permit Rebaudo to amend his complaint so that it reflected the proper federal law. AT & T presents no compelling reason why the court could or should not do so. Therefore, although all of Rebaudo's claims against AT & T are preempted by ERISA and the LMRA, the court shall not enter

---

**2.** There is no pending motion by the Union. The court finds, however, that Rebaudo's claim against the Union constitutes a duty of fair representation claim, which arises under federal law, namely, the National Labor Relations Act ("NLRA"). Although the NLRA and the LMRA "as a formal matter, comprise[ ] two causes of action," they are nevertheless "inextricably interdependent." Thus, the court is comfortable analyzing the LMRA claim against AT & T and the NLRA claim against the Union together, as they constitute a "hybrid" claim, which the court shall discuss below.

judgment in AT & T's favor on that basis alone.

## C. EXHAUSTION/STATUTE OF LIMITATIONS

▮ "In order to maintain an action under § 301 [of the LMRA], an employee must 'at least attempt to exhaust exclusive grievance and arbitration procedures established by the [collective] bargaining agreement.'" *Campbell,* 144 Fed.Appx. at 130 (quoting *Vaca v. Sipes,* 386 U.S. 171, 184, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967)). Rebaudo concedes that he did not exhaust his remedies under the Agreement. He argues, however, that he is excused from the exhaustion requirement because he has brought a "hybrid" § 301/duty of fair representation claim against both the employer and the union. As the Second Circuit has noted, "[t]here are certain situations in which an aggrieved employee need not exhaust his or her administrative remedies. One of these is when a union breaches its duty of fair representation to the employee." *Id.* (citing *Vaca,* 386 U.S. at 185–86, 87 S.Ct. 903; *White v. White Rose Food,* 128 F.3d 110, 114 (2d Cir.1997)).

▮ Despite his "hybrid" claim argument, the court is not persuaded that Rebaudo was excused from the exhaustion requirement. In *Campbell,* the Second Circuit rejected an argument similar to Rebaudo's, finding that although the plaintiff did "assert that her union representatives, 'at best,' perfunctorily pressed [her] claims[,] ... absent an allegation that [she] attempted and was frustrated in her attempt to invoke the arbitration provisions of the [collective bargaining agreement], we find no reason to excuse her failure to exhaust." *Id.* Here, there are no allegations that Rebaudo was "frustrated" in his attempt to invoke the arbitration provisions of the Agreement. As with the plaintiff's claim in *Campbell,* Rebaudo's

claim stems from his dissatisfaction with the quality of his Union representation, alleging that it was not "adequate." (See dkt. # 1 ¶ 18.) The Second Circuit has held that this is insufficient cause to excuse a plaintiff from exhausting his grievance and arbitration procedures under a collective bargaining agreement. Therefore, the court finds that, because Rebaudo did not exhaust his grievance and arbitration procedures under the Agreement, his LMRA claim must be dismissed.

▮ Even if Rebaudo were excused from the exhaustion requirement, his claim is time-barred. "The statute-of-limitations period for [a] 'hybrid' action is six months, *see DelCostello [v. Int'l Bhd. of Teamsters],* 462 U.S. [151, 169, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) ], and it 'begins to run when the employee knew or should have known of the breach of the duty of fair representation.' *See White,* 128 F.3d at 114." *Id.* at 131. All the parties agree that Rebaudo's LMRA claim is subject to a six-month statute of limitations.

Rebaudo alleges that, as a member of the Union, he was entitled to "zealous representation in defending him from the unfounded allegations, harassment, and workplace hostility he was forced to endure at AT & T." (Dkt. # 1 ¶ 17.) He further alleges that the Union failed to provide him with "adequate" representation on "multiple occasions." (*See id.* ¶ 18.) The allegations, harassment, and hostility to which Rebaudo refers include: the June 2005 sexual harassment accusations and the subsequent hearing; the December 2005 accusation that he had falsified his timesheets; and both Rebaudo's February 2006 altercation with another employee, and his supervisor's investigation of that altercation.

All of these incidents took place more than six months before Rebaudo initiated

this action in February 2007. That is, he would have, or should have, known of AT & T's alleged violation of the Agreement, and of the Union's alleged breach of the duty of fair representation, well before the six months prior to the filing of this case. Thus, even if the exhaustion requirement were not fatal to Rebaudo's LMRA claim, it would be time-barred. Consequently, Rebaudo's hybrid claim against both AT & T and the Union is dismissed.[3]

### D. AMENDED COMPLAINT

Given the above, the court finds it necessary for Rebaudo to amend his complaint. Rebaudo's claims, as seen in the complaint, are couched in the language of state law, but in fact sound in federal law. The court has found that the LMRA/duty of fair representation hybrid claim against AT & T and the Union must be dismissed. As a result, there is no remaining claim against the Union. **This leaves only the ERISA allegations against AT & T. So that the issues in this case are made more clear, the court hereby ORDERS Rebaudo to file an amended complaint consistent with this decision on or before July 18, 2008.**

### III. CONCLUSION

For foregoing reasons, the AT & T's the motion for judgment (**dkt. # 31**) is **GRANTED in part and DENIED in part.** The court agrees with AT & T that Rebaudo's claims are preempted by federal law. The court declines, however, to grant judgment in AT & T's favor on that basis alone. The court does find, however, that Rebau-

do's LMRA/duty of fair representation hybrid claim against both AT & T and the Union must be dismissed because Rebaudo failed to exhaust his remedies under the Agreement, and because it is time-barred. **As this was the only claim against the Union, judgment shall enter in favor of William F. Henderson, President, Communications Workers of America, Local 1298. This leaves only the ERISA allegations against AT & T. Because the remaining claims in the complaint sound in federal law, yet are couched in the language of state law, Rebaudo shall file an amended complaint consistent with this decision on or before July 18, 2008.**

---

**3.** Although the motion for judgment was brought by AT & T, not the Union, the issues involved therein necessarily implicate the claim against the Union. Rebaudo has conceded that his claims are preempted by federal law. The claim against the Union would thus be preempted by the LMRA, that is, his breach of the duty of fair representation claim is, in fact, a part of his hybrid LMRA claim against both AT & T and the Union. Therefore, despite the fact that there is no pending motion by the Union, the court may address the hybrid LMRA claim against the Union. As noted above, this claim, as it relates to the Union, must be dismissed, leaving no remaining claim against the Union.