**Robert REBAUDO, Plaintiff,**

v.

**AT & T and William F. Henderson, President, Communications Workers of America, Local 1298, Defendants.**

**No. 3:07CV00396(DJS).**

United States District Court, D. Connecticut.

Oct. 23, 2008.

John R. Williams, New Haven, CT, for Plaintiff.

David J. Vegliante, Southern New England Telephone Corp., Lori B. Alexander, Theresa M. Waugh, Littler Mendelson, P.C., New Haven, CT, for Defendants.

## MEMORANDUM OF DECISION AND ORDER

DOMINIC J. SQUATRITO, District Judge.

The plaintiff, Robert Rebaudo ("Rebaudo"), brings this action against his former employer, AT & T Services, Inc. ("AT & T")[1], alleging that AT & T[2] violated the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1101 *et seq.* ("ERISA"). Now pending before the court is AT & T's motion to dismiss (dkt. # 68) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). For the reasons that follow hereafter, the motion to dismiss (**dkt. # 68**) is **GRANTED.**

## I. FACTS

The allegations in the amended complaint are as follows. Rebaudo, a resident of Connecticut, was a building mechanic for AT & T. According to Rebaudo, he had to endure unwarranted harassment and discrimination from his supervisor regarding his appearance, despite always looking professional and presentable. Rebaudo also alleges that he endured additional harassment and discrimination because of "blatantly unrealistic expectations and timeframes from his supervisor."

On June 8, 2005, AT & T informed Rebaudo that there were "charges" filed against him. Rebaudo maintains that AT & T would not explain with what he was being charged. A meeting was scheduled subsequently to discuss these charges. Rebaudo states that he wanted to bring a tape recorder or attorney with him to the meeting to "safeguard his interests," but AT & T refused to allow either. Claiming to have felt threatened and uncomfortable, Rebaudo elected not to attend the meeting. The meeting was held despite Rebaudo's absence. At the meeting, AT & T management decided to place Rebaudo on probation for one year based on the charges brought against him, which apparently were sexual harassment charges.

Rebaudo further claims that in December 2005, AT & T corporate security falsely and in bad faith claimed that he had falsified his timesheets. In addition, Rebaudo alleges that on February 2, 2006, an AT & T employee "violently and unexpect-

---

1. AT & T represents that, although the Plaintiff sued "AT & T," at the time of his termination, the Plaintiff worked for AT & T Services, Inc.

2. On June 12, 2008, 562 F.Supp.2d 345, the court entered judgment in favor of William F. Henderson, President, Communications Workers of America, Local 1298, leaving AT & T as the only remaining defendant.

edly" shoved him without provocation. According to Rebaudo, he reported this incident to his supervisor, who "only superficially inquired into the incident, conducted no investigation, and took no disciplinary action against" the employee. Thereafter, on February 28, 2006, AT & T discharged Rebaudo from his position as a building mechanic.

In his amended complaint, Rebaudo represents that, when he was discharged from his employment, he was less than three weeks from retirement. Rebaudo claims that AT & T discharged him in order to prevent him from receiving retirement benefits, including medical benefits and free telephone service. According to Rebaudo, the treatment and work environment he experienced were part of a systematic plot by AT & T to drive him out of the company, and they provided a pretext for termination so that AT & T could save money by denying him his retirement package. Rebaudo alleges that AT & T has thus violated ERISA.

## II. DISCUSSION

AT & T moves to dismiss Rebaudo's amended complaint, arguing that ERISA does not provide for the relief Rebaudo seeks. Specifically, AT & T argues that Rebaudo seeks "legal" relief, which is not allowed for the type of ERISA claim Rebaudo is bringing here. Rebaudo argues that AT & T's contention lacks merit, and has asked the court for leave to file a second amended complaint in which the request for "legal" relief is omitted.

### A. STANDARD

When considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff.

See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. See Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir.1998). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." United States v. Yale New Haven Hosp., 727 F.Supp. 784, 786 (D.Conn. 1990) (citing Scheuer, 416 U.S. at 232, 94 S.Ct. 1683). In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir.1993).

### B. ERISA

■ There is no dispute that Rebaudo participated in a pension and welfare benefits program ("the Plan") covered by ERISA. In his amended complaint, Rebaudo does not specify which section of ERISA applies to his claim. A plaintiff can bring an action pursuant to § 502(a)(1)(B) of ERISA, which allows plan participants or beneficiaries to recover benefits due to them under the terms of the plan. See 29 U.S.C. § 1132(a)(1)(B). Such a claim would essentially be the assertion of a contractual right under the terms of the plan itself. Or, a plaintiff can bring an action pursuant to § 510 of ERISA, which prohibits the interference with the attainment of rights under a plan.[3] See 29 U.S.C. § 1140 ("It shall be

---

3. This is not an exhaustive list of the types of ERISA claims a plaintiff may bring. The

court's purpose in specifying these two sec-

unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, ... or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan....")

Here, Rebaudo maintains that AT & T terminated him in an attempt to deny him the benefits to which he would have been entitled had he reached the potential retirement date of March 19, 2006. Rebaudo is not alleging that AT & T violated the terms of the Plan itself. In light of this, it is clear that § 510, not § 502(a)(1)(B), of ERISA applies to Rebaudo's claim.

"A Section 510 claim is made enforceable through Section 502(a)(3) and (e) of ERISA...." *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1134 (7th Cir.1992). Under Section 502(a)(3), a civil action may be brought by a participant, beneficiary, or fiduciary "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan...." 29 U.S.C. § 1132(a)(3). Section 502(a)(3) requires that both the "basis for the claim" and the "nature of the recovery" be equitable. *Sereboff v. Mid Atl. Med. Servs., Inc.*, 547 U.S. 356, 363, 126 S.Ct. 1869, 164 L.Ed.2d 612 (2006); *see Wilkins v. Mason Tenders Dist. Council Pension Fund*, 445 F.3d 572, 578 (2d Cir.2006) (holding that Section 502(a)(3) "authorizes solely *equitable* relief ....") (emphasis in original).

Rebaudo offers to file a second amended complaint in which he would omit any request for legal damages and leave only his request for equitable relief. Although the court appreciates Rebaudo's offer, simply removing the phrase "legal relief" from the complaint does not settle the matter. The court must determine whether the basis for Rebaudo's claim and the nature of the recovery sought are, in fact, equitable.

■ As the Supreme Court has explained, "[e]quitable relief must mean something less than all relief." *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 209, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002) (internal quotation marks omitted). "Instead, ... the term 'equitable relief' in § 502(a)(3) must refer to those categories of relief that were *typically* available in equity...." *Id.* at 210, 122 S.Ct. 708 (internal quotation marks omitted). For example, requesting to impose personal liability on a defendant for a contractual obligation to pay money is a type of relief that was not typically available in equity. *Id.* Rather, "[a] claim for money due and owing under a contract is quintessentially an action at law." *Id.* (internal quotation marks omitted). "Almost invariably ... suits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages,' as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty." *Id.* "And [m]oney damages are, of course, the classic form of *legal* relief." *Id.* (internal quotation marks omitted).

■ Moreover, the fact that Rebaudo may characterize the relief sought as "equitable" is not dispositive because "any claim for legal relief can, with lawyerly inventiveness, be phrased in terms of an injunction." *Id.* at 211 n. 1, 122 S.Ct. 708. Additionally, even if Rebaudo were to characterize the relief sought as "restitu-

tions of ERISA is to point out what portions of the statute most likely apply to this case.

tion," such a characterization would not be dispositive because "not all relief falling under the rubric of restitution is available in equity." *Id.* "[F]or restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." *Id.* at 214, 122 S.Ct. 708. A plaintiff could receive such equitable relief via "the imposition of a constructive trust or equitable lien on particular property." *Id.*

Upon review of Rebaudo's amended complaint (and the proposed second amended complaint), the court concludes that Rebaudo seeks legal, not equitable, relief. In the amended complaint, Rebaudo seeks relief from the "past, present and future economic loss" he claims AT & T has inflicted upon him. He does not ask the court to impose a constructive trust or equitable lien so that he can receive particular funds or property in AT & T's possession. Instead, Rebaudo asks the court to compel AT & T to compensate him for the economic loss he claims to have suffered from AT & T's interference with his attainment of rights under the Plan. As the Supreme Court has held, "an injunction to compel the payment of money past due under a contract, or specific performance of a past due monetary obligation, was not typically available in equity." *Id.* at 210–11, 122 S.Ct. 708.

What Rebaudo seeks here is a classic remedy at law: compensatory damages for AT & T's premature termination of his employment. The Supreme Court has held that such relief is not available under § 502(a)(3) of ERISA. Thus, the court is forced to conclude that Rebaudo's amended complaint, and the proposed second amended complaint,[4] fail to state a claim upon which relief can be granted. AT &

T's motion to dismiss (**dkt. # 68**) is **GRANTED.**

Rebaudo's amended complaint, on its face, fails to assert a viable cause of action for equitable relief pursuant to § 502(a)(3), and it seems that he will not likely be able to assert such an equitable claim. *See Strohmeyer v. Metro. Life Ins. Co.,* No. 3:04cv1808(WWE), 2005 WL 3963770, at *3 (D.Conn. Nov. 15, 2005); *see also Kishter v. Principal Life Ins. Co.,* 186 F.Supp.2d 438, 446 (S.D.N.Y.2002). Nevertheless, at this point in the action, the court is only aware of the facts recited in the pleadings. Thus, it will allow Rebaudo a good faith opportunity to further amend his complaint so that, in accordance with *Knudson,* he may assert a claim for equitable relief pursuant 29 U.S.C. § 1132(a)(3).

### III. CONCLUSION

For foregoing reasons, the AT & T's motion to dismiss (**dkt. # 68**) is **GRANTED. The court will allow Rebaudo an opportunity to plead in good faith a cause of action for equitable relief pursuant to 29 U.S.C. § 1132(a)(3). Rebaudo shall file his second amended complaint on or before November 24, 2008. If Rebaudo does not file a second amended complaint on or before November 24, 2008, the court will close the case.**

---

4. Because Rebaudo's proposed second amended complaint would not alter the court's decision here, it serves no purpose to allow Rebaudo to file it.