Kanti A. PATEL, Plaintiff–Appellant,

v.

CONTEMPORARY CLASSICS OF
BEVERLY HILLS and Herbert
Schachter, Defendants,

Alan NEADLE, Defendant–Appellee.

Docket Nos. 98–9459(L), 99–7489(Con).

United States Court of Appeals,
Second Circuit.

Argued June 6, 2001.

Decided Aug. 03, 2001.

Sanatkumar V. Pandit, W. Hartford, CT, for Plaintiff–Appellant.

Stephen McEleny, McEleny & McGrail, Hartford, CT, (Albert J. McGrail, on the brief) for Defendant–Appellee Alan Neadle.

William J. Doyle, Wiggin & Dana, New Haven, CT, for Defendants Contemporary Classics of Beverly Hills and Herbert Schachter.

Before McLAUGHLIN, POOLER, Circuit Judges and KOELTL, District Judge.[*]

McLAUGHLIN, Circuit Judge:

"What's in a name? That which we call a rose By any other name would smell as sweet." William Shakespeare, Romeo and Juliet, act 2, sc. 2.

In this appeal, we review the decision of the district court to consider a motion expressly made under Fed.R.Civ.P. 12(b)(6) to dismiss despite the fact (according to the plaintiff) that the defendant had already filed a valid answer. Regardless of whether the pleadings were, in fact, closed-a point over which the parties quibble-we conclude that the district court could have considered such an untimely Rule 12(b)(6) pre-answer motion to dismiss as a Fed.R.Civ.P. 12(c) motion for judgment on the pleadings. We therefore affirm the judgment of the district court.

Plaintiff responded to an advertisement for a jewelry distributorship opportunity posted by defendant Alan Neadle in the *New York Times*. In the advertisement, Neadle claimed to represent Cameo Fashions, Inc., a fashion jewelry company that was seeking wholesale distributors. Cameo Fashions was owned by defendant Contemporary Classics of Beverly Hills ("Contemporary Classics"), which, in turn, was owned by its president, defendant Herbert Schachter. Within one month, Patel and Schachter, as President of Contemporary Classics, entered into a franchise agreement whereby Patel would invest approximately $100,000 to purchase inventory and display cases and distribute jewelry on behalf of Cameo Fashions throughout New England.

The fortunes of Patel's new jewelry business quickly ebbed, and in April 1992, he brought suit in the United States District Court for the District of Connecticut (Covello, *C.J.*)[2] against the defendants alleging common law fraud and violations of Connecticut's Unfair Trade Practice Act, Conn. Gen.Stat. § 42–110a *et seq.* Patel claimed that the defendants, through their newspaper advertisement and subsequent communications, fraudulently induced him to invest in their jewelry business.

In July 1992, Neadle, *pro se,* submitted an answer to Patel's complaint. However, the district court rejected the answer and returned it to Neadle because it lacked a signed certificate of service as required by the District of Connecticut's local rules. Accordingly, Neadle's answer was never entered in the district court docket.

The case lay dormant for more than three years until December 1995, when the Clerk of the Court, upon Patel's motion, entered a default pursuant to Fed.R.Civ.P.

---

[*] The Honorable John G. Koeltl, United States District Court Judge for the Southern District of New York, sitting by designation.

2. Originally assigned to Judge Burns, this case was reassigned to Judge Covello in September, 1992. Judge Covello is now the Chief Judge of the District of Connecticut.

55(a).[3] Neadle filed an objection to Patel's motion for a default and, for a second time, attempted to answer the complaint. Neadle's objection was entered on the docket as "OBJECTION by Alan Neadle re: motion for Entry of Default." The district court, however, did not treat Neadle's submission as an answer to the complaint. Patel then moved for entry of a default judgment and for a hearing on damages.

In January 1996, Neadle filed a motion for an enlargement of time to respond, and the district court granted the motion. During this hiatus, Neadle, who had been appearing *pro se*, finally secured legal counsel and filed a motion to set aside the default against him. The district court granted that motion in March 1996.

The default against him having been expunged, Neadle filed a motion to dismiss for failure to state a claim ostensibly under Rule 12(b)(6). Patel objected, arguing, *inter alia*, that Neadle's pre-answer motion to dismiss under Rule 12(b)(6) was untimely because he regarded the pleadings as closed by the answer Neadle filed, *pro se*, in July 1992. Patel pressed this objection even though in 1995 he had sought a default based on Neadle's *failure* to plead. In May 1997, the district court granted Neadle's motion to dismiss, holding that: (1) Neadle had not properly answered the complaint and thus it remained subject to a pre-answer motion to dismiss; and (2) Patel's complaint failed to plead fraud with particularity sufficient to meet the requirements of Fed.R.Civ.P. 9(b), and thus failed to state a claim.[4] Patel now appeals from the judgment of dismissal.

■ We review *de novo* a district court's grant of a motion to dismiss for failure to state a claim. *Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir.1997).

In this appeal, Patel contends that Neadle answered the complaint before Neadle filed his Rule 12(b)(6) motion to dismiss, and consequently Neadle's motion should not have been considered by the district court. Patel does not otherwise challenge the merits of the district court's decision.

■ A review of the record demonstrates that Neadle's Rule 12(b)(6) motion was not untimely. While Neadle twice attempted to file an answer to the complaint, neither answer was accepted or docketed by the district court. Because Neadle never filed a valid answer to Patel's complaint, his motion to dismiss pursuant to Rule 12(b)(6) was timely as such.

Even if we assume *arguendo* that Patel is correct and the pleadings had been closed before Neadle moved to dismiss, we believe that the district court was nevertheless obligated to consider Neadle's motion, even though it was labeled as a Rule 12(b)(6) motion.

This Court has never expressly addressed the question whether a district court may entertain a motion to dismiss for failure to state a claim brought under

---

3. It appears from the record that Contemporary Classics and Schacter both filed for bankruptcy late in 1993. According to the district court docket, neither has moved to set aside the default, and they are not involved in this appeal.

4. The district court dismissed the complaint based solely on its failure to comply with the requirements of Rule 9(b). However, by its terms, Rule 9(b) does not explicitly provide for a dismissal motion. Thus, although the district court stated it was granting a Rule 9(b) motion, we construe the order of the district court as dismissing the case pursuant to Rule 12(b)(6). *See* 5A Wright & Miller, *Federal Practice and Procedure*, § 1357 (2d ed. Supp.2001) (noting that "Rule 12(b)(6) also has been used to enforce the heightened pleading requirements of Rule 9(b)" and citing cases).

Rule 12(b)(6) when it is filed after the close of pleadings. However, many district courts that so regularly face this quandary have concluded that the appropriate response is to treat such an untimely motion to dismiss as a motion for judgment on the pleadings under Rule 12(c). *In re Crazy Eddie Sec. Litig.*, 747 F.Supp. 850, 854 (E.D.N.Y.1990); *Zebrowski v. Denckla*, 630 F.Supp. 1307, 1308 n. 1 (E.D.N.Y. 1986); *Jennings Oil Co. v. Mobil Oil Corp.*, 80 F.R.D. 124, 127 n. 4 (S.D.N.Y. 1978); *cf. Canadian St. Regis Band of Mohawk Indians v. New York*, 640 F.Supp. 203, 205 n. 2 (N.D.N.Y.1986) (untimely Rule 12(b) motion to dismiss on defense of statute of limitations could be considered as motion for judgment on the pleadings under Rule 12(c)).

Furthermore, all of our sister circuits that have recently confronted this question have arrived at the same conclusion. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 n. 6 (7th Cir.2000); *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir.1999) (*per curiam*); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999); *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3rd Cir.1991); *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir.1990); *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (*per curiam*).

■ True, Rule 12(b) states that the defense of failure to state a claim "shall be made before pleading if a further pleading is permitted." Fed.R.Civ.P. 12(b). Equally true, however, Rule 12(h)(2) states that "[a] defense of failure to state a claim upon which relief can be granted ... may be made in any pleading permitted ... or by motion for judgment on the pleadings, or at the trial on the merits." Fed.R.Civ.P. 12(h)(2). Thus, the defense of failure to

state a claim is not waivable. 5A Wright & Miller, Federal Practice and Procedure, § 1361 (2d ed. 1990) ("[U]nder Rule 12(h) [the defense] of failure to state a claim upon which relief can be granted, Rule 12(b)(6), [is] preserved from the waiver mechanism in Rule 12(h).").

■ We now accept the overwhelming weight of authority that a motion to dismiss for failure to state a claim (or one of the other non-waivable defenses under Rule 12(h)) that is styled as arising under Rule 12(b) but is filed after the close of pleadings,[5] should be construed by the district court as a motion for judgment on the pleadings under Rule 12(c). This makes eminently good sense because a motion for judgment on the pleadings is the direct descendant of that ancient leper of the common law, the "speaking demurrer." The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim. *Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 644 (2d Cir.1998); *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir.1994); *Ad–Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch Coll.*, 835 F.2d 980, 982 (2d Cir.1987). In both postures, the district court must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor. *Irish Lesbian & Gay Org.*, 143 F.3d at 644. The court will not dismiss the case unless it is satisfied that the complaint cannot state any set of facts that would entitle him to relief. *Sheppard*, 18 F.3d at 150.

Thus, here, even if Neadle had answered the complaint, his motion to dismiss, although styled as a Rule 12(b)(6) motion,

---

**5.** It should be noted that Neadle's proposed answer (which was never properly filed) did assert a defense of failure to state a claim.

Thus, if, as Patel argues, this answer was valid, then Neadle would have also asserted the defense prior to the close of pleadings.

could and should have been considered as a Rule 12(c) motion for judgment on the pleadings.

For the foregoing reasons, the judgment of the district court is AFFIRMED.