Josue TORRES, Plaintiff–Appellee,

v.

Philip ZEGARELLI, Individually, and Joseph Defeo, Individually, Defendants–Appellants,

Village of Sleepy Hollow and Jose Quinoy, Individually, Defendants.

No. 05–4530–CV.

United States Court of Appeals, Second Circuit.

March 22, 2006.

68

William Martin, White Plains, NY, for Plaintiff–Appellee.

Robert Ponzini, White Plains, NY, for Defendants–Appellants.

Present: THOMAS J. MESKILL, ROSEMARY S. POOLER, and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal from the judgment of said District Court be and it hereby is **DISMISSED.**

Plaintiff-appellee Josue Torres ("Torres" or "plaintiff") filed a complaint seeking injunctive relief and money damages, pursuant to 42 U.S.C. § 1983, in the United States District Court for the Southern District of New York (McMahon, *J.*). Named defendants included the Village of Sleepy Hollow ("Village"), Highway Superintendent Joseph DeFeo ("DeFeo"), police officer Jose Quinoy, and Mayor Philip Zegarelli ("Zegarelli"). Defendants moved pursuant to Fed.R.Civ.P. 12(c) for judgment on the pleadings "on the ground of qualified immunity." The District Court denied in part, and granted in part, defendants' motion. Zegarelli, individually, and DeFeo, individually, (collectively, "appellants"), appealed from the court's denial of what they claimed was a qualified immunity defense. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

The doctrine of qualified immunity is a shield that protects government officials from having to participate in the lawsuit itself. *See Holeman v. City of New London*, 425 F.3d 184, 189 (2d Cir.2005). As the District Court correctly observed: "Government officials performing discretionary functions are entitled to qualified immunity 'from federal constitutional claims ... as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated.'" *Torres v. Vill. of Sleepy Hollow*, 379 F.Supp.2d 478, 482–483 (S.D.N.Y. 2005) (quoting *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)).

In *Palmer v. Richards*, 364 F.3d 60 (2d Cir.2004), this Court explained that it has "jurisdiction pursuant to the collateral order doctrine, under which a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable final decision notwithstanding the absence of a final judgment." *Id.* at 63 (internal quotation marks omitted). Such purely legal questions may include "whether plaintiff[ ] ha[s] asserted a violation of a federally-protected right in the first instance, whether that right was clearly established at the time of the challenged conduct, and whether the facts as alleged demonstrate the objective reasonableness of the public official's conduct." *Martinez v. Simonetti*, 202 F.3d 625, 632 (2d Cir.2000) (internal citations omitted).

Conversely, this Court lacks jurisdiction to hear an interlocutory appeal from a district court decision which turns instead on that court's determination that there are facts in dispute, *Munafo v. Metropolitan Transportation Authority*, 285 F.3d 201, 211 (2d Cir.2002), or that decides an issue other than whether a constitutional tort has been alleged and whether, assuming the allegations to be true, a reasonable official would have known that the acts alleged to have been taken violated a clearly established constitutional right. *See Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir.2004) ("[W]e have jurisdiction to review a denial of qualified immunity to the extent that it can be resolved on stipulated facts, or on the facts that the plaintiff alleges are true, or on the facts favorable

to the plaintiff . . . .") (internal quotation marks and citation omitted).

Although they styled their motion to dismiss as one invoking qualified immunity, appellants' argument for dismissal of the suit against them turns only on whether they had the legal authority in the first instance to hire Torres for the job he sought. That is, the position that appellants advanced in the District Court had nothing to do with "qualified immunity," for they were not arguing that the retaliatory acts they are alleged to have taken against Torres, viewed in the light most favorable to Torres, did not violate a clearly established right to be free from retaliation for having exercised First Amendment rights. *See, e.g., Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 283–84, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). As to Zegarelli and DeFeo, the motion to dismiss on the pleadings, and the argument made to this Court, posit only a defense on the underlying merits akin to impossibility based on their asserted lack of authority under Village ordinances to hire Village workers. Such considerations are beyond the scope of a motion to dismiss pursuant to Fed. R.Civ.P. 12(c) asserting qualified immunity. In a motion to dismiss on the pleadings, the district court applies the Rule 12(b)(6) standard, *Patel v. Contemporary Classics of Beverly Hills,* 259 F.3d 123, 126 (2d Cir.2001), and considers those facts alleged in the complaint and documents attached as exhibits or incorporated by reference. *See De Jesus v. Sears, Roebuck & Co., Inc.,* 87 F.3d 65, 69 (2d Cir.1996). The essential allegation of Torres' complaint is that his First Amendment rights were violated when the Village prevented him from resuming employment because he had filed a complaint against the Village and one of its police officers. Zegarelli and DeFeo are not arguing that there is no federally-protected right implicated here, or that such a right was not clearly established at the time of the alleged misconduct, *see Simonetti,* 202 F.3d at 632, but rather that they were not empowered to carry out the allegedly unconstitutional conduct. As such, Zegarelli and DeFeo's lack of authority argument does not invoke the qualified immunity defense. *See Burns v. County of Cambria, PA,* 971 F.2d 1015, 1019 (3d Cir. 1992) (holding that defendants' alleged lack of statutory authority to fire the plaintiffs was "not cognizable as an assertion of qualified immunity" to claims that plaintiffs were dismissed for their political activity in violation of their rights under the First Amendment).

In a succinct and well-reasoned decision, the District Court saw Zegarelli and DeFeo's argument for what it was, and more importantly for what it was not. The court correctly determined that appellants were not advancing a qualified immunity argument as a basis for dismissing the lawsuit against them. While it did analyze the misnomer of the argument that the appellants had presented, the District Court never had before it a cognizable "qualified immunity" argument with respect to appellants.

We agree with the District Court's analysis on this point. For that reason, because a valid "qualified immunity" argument was never raised and thus never decided by the District Court, we are without jurisdiction on this interlocutory appeal to review the District Court's decision. *Cf. Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) ("[A] district court's *denial of a claim of qualified immunity* . . . is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment.") (emphasis added). Accordingly, this appeal from the decision of the District Court denying

appellants' motion to dismiss on the pleadings is hereby **DISMISSED.**