Julia SCOTT and Veronica
Garamo, Plaintiffs,

v.

J. ANTHONY CAMBECE LAW
OFFICE, P.C., Defendant.

No. 07–CV–2771 (RRM)(VVP).

United States District Court,
E.D. New York.

March 3, 2009.

**480**

the alleged debtors; (2) Defendant's suggestion, in the letter to Scott, that "[Defendant's] clients may report information about [Scott's] account to credit bureaus;" and (3) Defendant's failure to maintain a license as a debt collection agency as required by New York City Administrative Code § 20–490.

Currently before the Court is Defendant's motion to dismiss the complaint in part pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c), in which Defendant argues that Plaintiffs' claim concerning Defendant's failure to maintain a license fails as a matter of law because Defendant was not a "debt collection agency" within the meaning of the Administrative Code.[1] For the reasons set forth below, Defendant's motion is DENIED.

Adam Jon Fishbein, Law Office of Adam J. Fishbein, Cederhurst, NY, for Plaintiffs.

Arthur Sanders, Mel Harris & Associates LLC, New York, NY, for Defendant.

## MEMORANDUM AND ORDER

MAUSKOPF, District Judge.

Plaintiffs Julia Scott ("Scott") and Veronica Garamo ("Garamo") (collectively, "Plaintiffs") bring this action against Defendant J. Anthony Cambece Law Office, P.C., ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* Plaintiffs claim that Defendant sent letters to Scott and Garamo on July 18, 2006 and February 16, 2007, respectively, both of which violated the FDCPA in numerous respects. Specifically, Plaintiffs challenge (1) Defendant's request, in both letters, for the contact information of any attorney representing

## MOTION TO DISMISS STANDARD

As an initial matter, although Defendant has styled its motion as both a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted *and* a Rule 12(c) motion for judgment on the pleadings, because Defendant has filed an answer, only the latter course remains available. *See* Fed.R.Civ.P. 12(b) ("A motion asserting any of these defenses must be made before pleading ..."); *see also Patel v. Contemporary Classics of Beverly Hills,* 259 F.3d 123, 126–27 (2d Cir.2001) (holding that where a defendant had filed an answer, "his motion to dismiss, although styled as a Rule 12(b)(6) motion, could *and should* have been considered as a Rule 12(c) motion for judgment on the pleadings.") (emphasis added). Accordingly, the Court considers Defendant's motion as one brought solely under Rule 12(c).

---

**1.** Defendant originally contested all three grounds for Plaintiffs' claims, but subsequently limited the scope of its motion to dismiss to this single issue. *See, e.g.,* Docket No. 29 (Defendant's Letter dated August 27, 2008).

In any event, the standard for granting a Rule 12(c) motion is identical to that employed when analyzing a Rule 12(b)(6) motion. *Id.* at 126; *see also Desiano v. Warner–Lambert & Co.,* 467 F.3d 85, 89 (2d Cir.2006). "Dismissal under Rule 12(c) 'is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings.'" *Dewees v. Legal Servicing, LLC,* 506 F.Supp.2d 128, 131 (E.D.N.Y.2007) (quoting *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 642 (2d Cir.1988)). In considering such a motion, the Court accepts all of Plaintiffs' allegations as true and draws all plausible inferences in Plaintiffs' favor. *See City of New York v. Beretta U.S.A. Corp.,* 524 F.3d 384, 392 (2d Cir.2008).

Under either Rule 12(b)(6) or Rule 12(c), a complaint "should not be dismissed ... 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Official Comm. Of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP,* 322 F.3d 147, 158 (2d Cir.2003) (quoting *Cooper v. Parsky,* 140 F.3d 433, 440 (2d Cir.1998)). In assessing such a motion, this Court's task "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc.,* 748 F.2d 774, 779 (2d Cir.1984). Moreover, "[a] court may dismiss a claim on the basis of an affirmative defense only if the facts supporting the defense appear on the face of the complaint." *United States v. Space Hunters, Inc.,* 429 F.3d 416, 426 (2d Cir. 2005). *See also Staehr v. Hartford Fin. Servs. Group,* 547 F.3d 406, 426 (2d Cir. 2008) (citing *McKenna v. Wright,* 386 F.3d 432, 436 (2d Cir.2004)).

## DISCUSSION

The sole basis for the instant motion to dismiss is Defendant's argument that, contrary to Plaintiffs' allegations, it is not a "debt collection agency" and, therefore, is not required to maintain a license under New York City Administrative Code § 20–490.[2] Defendant argues that it falls within one of the specific exemptions to the Administrative Code's licensing mandate. As Defendant correctly observes, § 20–489(a)(5) of the Administrative Code excludes "any attorney-at-law collecting a debt as an attorney on behalf of and in the name of a client" from the definition of a "debt collection agency" requiring a license. Defendant insists that because it is a law firm—which is undisputed—it falls within the § 20–489(a)(5) exception. However, Defendant overlooks the fact that § 20–489(a)(5) requires more than simply being an "attorney-at-law." To fit within this exception, an attorney must be "collecting a debt *as an attorney on behalf of and in the name of a client.*" Admin. Code tit. 20, ch. 2, § 20–489(a)(5) (emphasis added). Nowhere in its papers does Defendant address the requirement that it be collecting a debt "as an attorney" in order to fit within the § 489(a)(5) exception.

The parties' dispute over this issue has centered on an opinion letter issued by

---

2. Defendant does not challenge the proposition that its failure to maintain such a license, if it were required, would violate the FDCPA. While the Court therefore does not reach the issue, it notes that at least one judge in this district has held that such an omission constitutes an FDCPA violation. *See Williams v. Goldman & Steinberg, Inc.,* No. CV–03–2132 (DGT), 2006 U.S. Dist. LEXIS 50222 ("I conclude that there was a violation of the FDCPA because the defendant did not have a license when it sent the Collection Letter to a New York City resident, as required by regulations of the City of New York.") (citing New York, N.Y. Admin. Code tit. 20, ch. 2, § 20–490).

Marla Tepper, General Counsel to the New York City Department of Consumer Affairs, in response to an inquiry from the Consumer Credit Association of Metropolitan New York (the "DCA Letter"). Although the DCA Letter was issued to address the question of "whether 'debt buyers' that do not themselves engage in collection activities must be licensed by the Department," its author also addressed whether law firms are *per se* exempt from § 20–490's licensing requirement. In concluding that law firms are not *per se* exempt, the DCA Letter focuses on the Administrative Code's requirement that the "attorney-at-law" claiming exemption be acting "as an attorney" in order to fit within the § 20–489(a)(5) exception. The DCA Letter concludes as follows:

> The Code narrowly exempts from the definition of "debt collection agency" "any attorney-at-law collecting a debt *as an attorney* on behalf of and in the name of a client." New York City Administrative Code § 20–489(a)(5) (emphasis added). Thus, the Code's exemption applies to those attorneys whose practice is limited to legal activities such as the filing and prosecution of lawsuits to reduce debts to judgments. The narrow exception does not, however, cover attorneys or law firms that regularly engage in activities traditionally associated with debt collection such as sending demand letters (dunning notices) or making collection telephone calls to consumers. Such attorneys and law firms are "debt collection agencies" under the New York City Administrative Code and must be licensed by the Department.

DCA Letter at 2.

The parties sharply disagree over the weight this Court should afford the DCA Letter in assessing the need for an attorney or law firm to maintain a license as a "debt collection agency" under § 20–490. Plaintiffs argue that the DCA Letter provides a well reasoned interpretation of § 20–489(a)(5) and should be treated as persuasive authority. Indeed, as Plaintiff notes, in *Kuhne v. Cohen & Slamowitz, L.L.P.*, No. 07 Civ. 1364(HB), 2008 U.S. Dist. LEXIS 17197, 2008 WL 608607 (S.D.N.Y. March 5, 2008), Judge Baer treated the DCA Letter as persuasive authority in assessing whether a particular holding company (not an attorney or a law firm) was required to be licensed as a "debt collection agency." *See id.*, 2008 U.S. Dist. LEXIS 17197, at *11, 2008 WL 608607, at *4 ("The [DCA Letter], while not binding on me, is persuasive."). Defendant, on the other hand, argues that the DCA Letter is an unreasonable interpretation of § 20–489(a)(5) and, therefore, is not entitled to deference. Whether the DCA Letter should be regarded as the authoritative interpretation of § 20–489(a)(5), however, is an issue that the Court need not reach in deciding the instant motion.

The ultimate issue that Defendant's motion would require this Court to decide is not whether an attorney can *ever* be required to maintain a license under § 20–490, but whether *Defendant* was required to maintain such a license. To the extent that Defendant questions whether an attorney can ever be subject to § 20–490's licensing requirement, the Court need not resort to the DCA Letter to answer that question in the affirmative. As noted above, the Administrative Code exempts an attorney from its licensing requirement only where said attorney is "collecting a debt *as an attorney on behalf of and in the name of a client.*" Admin. Code tit. 20, ch. 2, § 20–489(a)(5) (emphasis added).

But answering that question in the abstract does not resolve the present dispute. Whether Defendant was collecting the debts at issue in this case "as an attorney on behalf of and in the name of a client" is an inquiry that requires the development of a proper factual record. Certainly, the

facts necessary to assess this question do not appear "on the face of the complaint." *See Space Hunters, Inc.,* 429 F.3d at 426. Although the letters sent by Defendant to Plaintiffs will certainly be relevant to this assessment, those letters alone do not resolve the issue. Again, the Court's role on a motion for judgment on the pleadings "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy,* 748 F.2d at 779. Accepting all of Plaintiffs' factual allegations as true and drawing all inferences in Plaintiffs' favor, *see Beretta,* 524 F.3d at 392, the Court cannot conclude, as a matter of law, that Defendant was acting "as an attorney on behalf of and in the name of a client." That determination must await the development of an appropriate factual record, after the parties have had the opportunity to complete discovery.

### *CONCLUSION*

For the foregoing reasons, Defendant's motion to dismiss the complaint is DENIED.

SO ORDERED.