16-3660-cv
*David I. Houck v. U.S. Bank, N.A., et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand seventeen.

PRESENT:  JOSÉ A. CABRANES,
                 DEBRA ANN LIVINGSTON,
                               *Circuit Judges.*
                 WILLIAM H. PAULEY III,
                               *District Judge.*\*

---

DAVID I. HOUCK,

          *Plaintiff-Appellant,*                   16-3660-cv

          v.

U.S. BANK, N.A., as Trustee for Citigroup Mortgage Loan Trust 2007-AR5, WELLS FARGO BANK, N.A.,

          *Defendants-Appellees,*

DOES 1 THROUGH 100, inclusive,

          *Defendant.*

---

\* Judge William H. Pauley III, of the United States District Court for the Southern District of New York, sitting by designation.

1

**FOR PLAINTIFF-APPELLANT:**          Steven Bruce Rabitz, Steven Bruce Rabitz, Esq., Massapequa, NY.

**FOR DEFENDANTS-APPELLEES:**          Robert A. Jaffe, Kutak Rock LLP, Washington, DC.


Appeal from the judgment of the United States District Court for the Southern District of New York (Alison J. Nathan, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant David I. Houck appeals the September 30, 2016 district court judgment, granting the motion to dismiss of Wells Fargo Bank, N.A. and U.S. Bank as Trustee for Citigroup Mortgage Loan Trust 2007-AR5 (jointly, "Defendants") and holding the motion to transfer moot. On appeal, Houck argues that the district court erred by concluding that: (1) his challenges to the validity of his mortgage loan are barred by *res judicata*; (2) he failed to allege a cognizable injury caused by the assignment or transfer of his loan; and (3) the Defendants are not "debt collectors" for purposes of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq*. For the reasons primarily laid out in the district court's opinion, we find these claims to be without merit. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*\*\*

We review *de novo* a district court's dismissal pursuant to Fed. R. Civ. P. 12(b)(6). *See Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123 (2d Cir. 2001); *see also Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 84-85 (2d Cir. 2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *Harris v. Mills*, 572 F.3d 66 (2d Cir. 2009). We "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chase Grp. Alliance LLC v. N.Y.C. Dep't of Fin.,* 620 F.3d 146, 150 (2d Cir. 2010) (quotation marks and citation omitted); *Karedes v. Ackerley Group, Inc.*, 423 F.3d 107, 113 (2d Cir. 2005).

## A. *Res Judicata*

First, the district court properly applied the doctrine of *res judicata* to Houck's claims related to the validity of his mortgage (as distinct from challenges to the assignments of those mortgages). Here, Houck does not dispute that there was a final judgment in the California Superior Court proceeding. Nor does he contest that the state action involved the same parties. His only argument on appeal is that the two cases do not involve the same "primary rights." We disagree.

Houck's argument here is fundamentally the same as in the state action: that Wells Fargo acted unlawfully when issuing and handling his mortgage. Since these issues were litigated before and rejected by the California court, any challenges to the validity of Plaintiff's mortgage are barred by *res judicata*. Our precedents require us to apply the preclusion law of the rendering state. *See Conopoco, Inc. v. Roll Intern.*, 231 F.3d 82, 87 (2d Cir. 2000)("To determine the effect of a state court judgment, federal courts . . . are required to apply the preclusion law of the rendering state.").[1] Under California law, these claims are barred. *See, e.g., Burdette v. Carrier Corp.*, 71 Cal. Rptr. 3d 185, 190 (Cal. Ct. App. 2008) ("Claim preclusion bars a second action upon the same claim against the same parties litigated to a final judgment in a prior action."). Accordingly, the application of *res judicata* was appropriate.

## B. Cognizable Injury

Second, we agree also with the district court that Houck does not plausibly allege that the assignments of his mortgage—from Wells Fargo to U.S. Bank to Cal-Western—caused an injury. A plaintiff has standing to sue in federal court only if he suffered an "injury in fact." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). If a plaintiff does not plausibly allege that he suffered a "concrete and particularized" injury as opposed to a "conjectural or hypothetical" injury, we lack jurisdiction over the claim. *See, e.g., Cacchillo v. Insmed, Inc.,* 638 F.3d 401, 404 (2d Cir. 2011). Since Houck was required to pay back his mortgage loan regardless of the assignments, the district court appropriately concluded that he was not harmed by the assignments.

The authority of this Circuit and cases interpreting California non-judicial foreclosure statutes dictate that a plaintiff generally does not suffer an injury by virtue of an assignment of his mortgage, even if that assignment was invalid or unlawful. *See Rajamin v. Deutsche Bank Nat'l Trust Co.*, F.3d 79, 85-87 (2d Cir. 2014) (dismissing a request for relief for an allegedly invalid assignment of a note and deed of trust to a REMIC trust).[2] This Court has reasoned that, regardless of whether a mortgage was validly assigned, the mortgagor is still obligated to repay *someone,* whether it be the original lender or the entity to which the mortgage was assigned. *Id.* at 85-86. Accordingly, Houck lacked standing to assert his attack on the assignment.

## C. FDCPA Claim

Third, Houck alleges that the defendants violated the FDCPA by engaging in abusive, deceptive, and unfair practices in the collection of consumer debts. In order to survive a motion to dismiss, a plaintiff must allege that the defendants are "debt collectors" within the meaning of the FDCPA. *See Jacobson* v. *Healthcare Fin. Servs., Inc.*, 516 F .3d 85, 89 (2d Cir. 2008). The FDCPA

---

[1] The "rendering state" is the state from which the judgment is taken. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).

[2] A Real Estate Mortgage Investment Conduit ("REMIC") is a legal entity that holds a fixed pool of mortgages and issues ownership interests in those mortgages to investors.

defines "debt collector" as one who "collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Specifically, the FDCPA does not apply to "creditors" who seek in their own name to collect on debts owed to them. 15 U.S.C. § 1692a(6)(A). Because the Defendants are "creditors" seeking to collect debts owed to them, the district court appropriately concluded that Wells Fargo and U.S. Bank are not "debt collectors" within the meaning of the statute. Accordingly, Houck does not have a viable FDCPA claim.

## CONCLUSION

We have considered all of the arguments raised by Houck and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.


FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

4