18-3750-cv
*Beverly Ezra v. Bristol-Myers Squibb Company and Medical Engineering Corporation*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of November, two thousand nineteen.

PRESENT:    JOSÉ A. CABRANES,
            JOSEPH F. BIANCO,
                    *Circuit Judges*
            EDWARD R. KORMAN,
                    *District Judge.*\*

---

BEVERLY J. EZRA,

                *Plaintiff-Appellant,*                        18-3750-cv

                v.

BRISTOL-MYERS SQUIBB COMPANY, MEDICAL
ENGINEERING CORPORATION,

                *Defendants-Appellees.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Alan S. Levin, Incline Village, NV. |
| **FOR DEFENDANTS-APPELLEES:** | Elie Honig, Shontae Gray, Lowenstein Sandler LLP, New York, NY. |

---

\* Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

Appeal from an order of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant, Beverley Ezra ("Ezra"), appeals from a November 29, 2018 judgment of the District Court granting the motion of Defendants-Appellees, Bristol-Myers Squibb Company and Medical Engineering Corporation (jointly, "Defendants"), for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) in an action alleging state law claims for breach of contract and breach of the implied covenant of good faith and fair dealing (together, the "contract claims"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We find no merit in Ezra's arguments raised on appeal and affirm the judgment of the District Court for substantially the reasons set forth in its November 28, 2018 order.

**I.**

Ezra first argues that Defendants' 12(c) motion was untimely and asks that we strike the Defendants' motion. We decline to afford Ezra that remedy. Defendants filed their 12(c) motion with the District Court before filing their answer to Ezra's complaint. They then filed their answer before Judge Hellerstein ruled on their 12(c) motion. Assuming, *arguendo*, that their motion was untimely, we conclude the District Court properly considered Defendants' 12(c) motion under these circumstances.

We have previously considered a similar situation to the present appeal. In *Patel*, we assumed *arguendo* that the defendant's 12(b)(6) motion was improperly made after the pleadings were closed, and we held that "the district court could have considered such an untimely Rule 12(b)(6) pre-answer motion to dismiss as a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 124 (2d Cir. 2001). We further held that the district court was obliged to consider the motion, though improperly labeled. *Id.* at 125. This was largely because "[t]he standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Cleveland v. Caplaw Enters.,* 448 F.3d 518, 521 (2d Cir. 2006). Although it is the 12(c) motion that is untimely in the present appeal (as opposed to the 12(b)(6) motion in *Patel*) we conclude that, in the circumstances presented on appeal, the District Court properly construed the Defendants' motion. *See* Wright & Miller, Federal Practice and Procedure § 1368 (3d ed.) ("Because of the similarity between the Rule 12(c) and Rule 12(b) standards, courts typically will construe a premature Rule 12(c) motions as if it

were brought under Rule 12(b) and a late Rule 12(b) motion . . . as if it were brought under Rule 12(c).").

## II.

Ezra next argues that the District Court impermissibly deviated from the "law of the case." We find Ezra's argument without merit. We pause here to provide a brief explanation of this action's procedural history. On March 6, 2016, Ezra filed suit against Defendants in the United States District Court for the District of Nevada, alleging breach of contract; breach of the covenant of good faith and fair dealing; fraud; and intentional infliction of emotional distress ("IIED"). In an October 10, 2017 order, Judge Richard Boulware, II of the District of Nevada granted in part and denied in part Defendants' motion. Specifically, the court dismissed Ezra's claim for fraud and IIED, but denied Defendants' motion with respect to Ezra's contract claims. By joint stipulation of Ezra and Defendants, the action—with its surviving contract claims—was transferred on August 30, 2018, pursuant to 28 U.S.C. § 1404, from Nevada to the United States District Court for the Southern District of New York. Judge Hellerstein then granted Defendant's 12(c) motion, which dismissed the contract claims that had survived dismissal in Nevada. Ezra asserts that the law-of-the-case doctrine applies here to prevent Judge Hellerstein from reexamining the prior decision of Judge Boulware. We disagree.

"The law of the case doctrine has two branches. The first requires a trial court to follow an appellate court's previous ruling on an issue in the same case. . . . The second and more flexible branch is implicated when a court reconsiders its own ruling on an issue in the absence of an intervening ruling on the issue by a higher court. It holds that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case, unless cogent and compelling reasons militate otherwise." *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002) (internal quotation marks and citations omitted). This appeal concerns only the "second branch." "Cogent and compelling" reasons generally fall into three categories: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *Id.* Ultimately, however, the "doctrine is admittedly discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment." *Virgin Atl. Airways v. National Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir. 1992). Indeed, as one prominent treatise notes, "[t]here is a risk that reviewing the 'exceptions' that permit 'departure' from the law of the case creates a misleading impression, overstating the force of law-of-the-case constraints." Wright & Miller, Federal Practice and Procedure § 4478 (2d ed.).

Upon an independent review of the record, we conclude that the District Court acted within its discretion to depart from the asserted law of the case and rule on Defendants' 12(c) motion to dismiss the contract claims.

### III.

Finally, Ezra challenges the District Court's order granting Defendants' motion for judgment on the pleadings and dismissing Ezra's contract claims. We find Ezra's argument without merit.

We review *de novo* a judgment under Fed. R. Civ. P. 12(c), accepting the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. *Kirkendall v. Halliburton, Inc.*, 707 F.3d 173, 178–79 (2d Cir. 2013). "To survive a Rule 12(c) motion, the complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks and citation omitted).

Upon an independent review of the record, we conclude that Ezra's claims were properly dismissed. Even taking facts in the light most favorable to Ezra and giving her the benefit of all reasonable inferences, we conclude that she has failed to sufficiently plead that Defendants breached any contractual duty owed to her.

### CONCLUSION

We have reviewed all of the arguments raised by Ezra on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the November 29, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4