22-2037-cv
Lorefice v. State of New York

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand twenty-three.

PRESENT: JON O. NEWMAN,
EUNICE C. LEE,
ALISON J. NATHAN,
*Circuit Judges*.

-----------------------------------------------------------------

ALAN LOREFICE

*Plaintiff-Appellant*,

v.                                                                22-2037-cv

STATE OF NEW YORK, NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION,

*Defendants-Appellees*.

-----------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:          MICHAEL H. SUSSMAN, Sussman & Associates, Goshen, NY.

FOR DEFENDANTS-APPELLEES:          JOSEPH M. SPADOLA, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General of the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-Appellant Alan Lorefice appeals from an August 18, 2022 judgment of the district court (D'Agostino, *J.*) granting the State of New York's ("State") and the New York State Department of Environmental Conservation's ("DEC") (collectively "Appellees") motion for a judgment on the pleadings. The district court granted judgment in Appellees' favor pursuant to Federal Rule of Civil Procedure 12(c) on the grounds that Lorefice failed to plead a plausible gender discrimination claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

BACKGROUND

Lorefice filed a complaint against the State and the DEC on December 21, 2021, alleging that Appellees engaged in gender stereotyping in violation of Title VII when he was terminated from his job at the DEC. According to the complaint, Lorefice was employed by the DEC as a biologist for 20 years before he was terminated in November 2020. In 2018, Lorefice invited DK, a woman who worked in his office, on a hike and she "declined in a polite manner." Complaint at 3, *Lorefice v. New York*, No. 21-CV-01367, 2022 WL 3577102 (N.D.N.Y. Aug. 18, 2022). Lorefice's feelings for DK developed, and from the spring through the fall of 2019, he sent her numerous Facebook messages, to which she did not reply. These messages, while not sexual in

nature, were expressions of affection towards DK and also "proposed a life together." *Id*. at 5.

DK apparently was unaware of these Facebook messages until October 2019, when she stumbled upon all of them at once. This made her uncomfortable, and she reported Lorefice to her supervisor, who immediately suspended Lorefice. According to the complaint, Lorefice then participated in a disciplinary arbitration where the DEC claimed he had demonstrated a pernicious pattern of pursuing women he met at the workplace. Several years earlier, Lorefice had pursued another co-worker at the DEC and was told to halt communication with her. The arbitrator found Lorefice guilty of the majority of the charges involving DK, including sexual harassment, and recommended he be terminated. The DEC adopted the arbitrator's recommendation and terminated Lorefice accordingly.

Lorefice's complaint alleges a violation of Title VII, arguing that his termination was "a stereotypic response to [his] conduct" and that the DEC wanted "to show fake solidarity with the 'me too' movement." *Id*. at 2. Essentially, he claims that the DEC's response to his conduct was "gender stereotypic" because it assumed that "as a male, [Lorefice] is aggressive and could not control himself" and that "a female is timid and unable to speak up for herself." *Id*. at 7.

The district court dismissed Lorefice's claims on the pleadings pursuant to Rule 12(c). The court noted that to survive dismissal, a Title VII plaintiff simply must provide "plausible support to a minimal inference of discriminatory motivation." *Lorefice*, 2022 WL 3577102, at *5 (quoting *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015)). However, the district court concluded that Lorefice's complaint "fails to allege any facts that support even a minimal inference of gender stereotyping." *Id.* The district court then declined to grant Lorefice leave to amend his complaint on the grounds that it would be futile and that he did not comply with the

3

court's individual rules and practices.  Lorefice timely appealed this judgment.[1]

＊　　　　　　　　　　＊　　　　　　　　　　＊

On a motion for judgment on the pleadings, this Court reviews the judgment of the district court *de novo*.  *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021).  The standard for granting a Rule 12(c) motion is "identical to that [for granting] a Rule 12(b)(6) motion for failure to state a claim."  *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020) (brackets in original) (quoting *Patel v. Contemporary Classics*, 259 F.3d 123, 126 (2d Cir. 2001)).  While it is true that the court must "draw[] all reasonable inferences in plaintiffs' favor," *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009) (internal quotation marks omitted), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Title VII gender discrimination claims are analyzed under a burden shifting framework where a plaintiff must show that the circumstances leading to an adverse employment action "give rise to an inference of gender discrimination." *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).  In a Title VII discrimination case, the plaintiff must "allege two elements: (1) the employer discriminated against him (2) because of his race, color, religion, sex, or national origin." *Vega*, 801 F.3d at 85.  Sex stereotyping is a form of gender discrimination, as Title VII was "intended to strike at the entire

---

[1] The Appellees also asked the district court to find that the State of New York was not a proper defendant and to consider the Arbitration Opinion in deciding the 12(c) motion.  On appeal, Appellees ask this Court to consider the Arbitration Opinion as well.  As this request is mooted upon the case being disposed of solely on the pleadings, we decline to address this issue.

4

spectrum of disparate treatment of men and women resulting from sex stereotypes." *Price Waterhouse v. Hopkins*, 490 U.S. 228, 251 (1989).

It is true that "the complaint need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015). However, it must allege a nonconclusory factual basis for the discrimination claim that is sufficient to nudge the claimed inference of discriminatory intent "across the line from conceivable to plausible." *Vega*, 801 F.3d at 87 (quoting *Twombly*, 550 U.S. at 570).

Lorefice did not plead any nonconclusory facts to support the claim that his termination was based on gender discrimination. He pointed to no statements, remarks, or even actions (besides his termination itself) that would indicate any person at the DEC was stereotyping him because of his gender. Nor does Lorefice allege that the arbitrator engaged in gender discrimination or stereotyping in recommending his termination. Lorefice argues that if the Court construes his complaint most favorably towards him, finding that the DEC had no valid grounds to terminate him, then the Court must conclude that the DEC engaged in gender stereotyping. Citing to the proposition that a woman can be fired for being too masculine or too feminine, *Weinstock*, 224 F.3d at 44–45, he contends that if he did not engage in sexual harassment, then the DEC "must have believed that a male who had a strong interest in a female he met at work was unfit to work . . . [because] he could not be trusted to . . . leave . . . his feelings of affection for her at the door." Appellant's Br. at 12–13.

Even assuming, *arguendo,* that Lorefice did not engage in sexual harassment, this does not give rise to an inference that he was terminated because of a gender stereotype. As the district

court noted, Title VII does not "prohibit all arbitrary employment practices." *Lorefice*, 2022 WL 3577102, at *5 (quoting *Dollinger v. State Ins. Fund*, 44 F. Supp. 2d 467, 475 (N.D.N.Y. 1999)). Lorefice does not cite to, nor are we aware of, any case law in which an employee's termination due to an erroneous accusation of sexual harassment by itself gives rise to an inference of gender stereotyping. Moreover, this Court has held that when the plaintiff "has produced no substantial evidence from which we may plausibly infer that her alleged failure to conform her appearance to feminine stereotypes" was the reason for the adverse employment action against her, "her Title VII claim based upon a gender stereotyping theory must fail." *Dawson v. Bumble & Bumble*, 398 F.3d 211, 222–23 (2d Cir. 2005), *overruled on other grounds by Zarda v. Altitude Express, Inc.*, 883 F.3d 100 (2d Cir. 2018). Lorefice provides no factual support for the theory that Appellees either viewed him as an aggressive male or that this was the basis for his termination. *Cf. Price Waterhouse*, 490 U.S. at 235 (holding that gender stereotyping existed when supervisors stated plaintiff acted in a "macho" fashion and suggested that she should "walk more femininely"); *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122 (2d Cir. 2004) (noting "that stereotypical remarks about the incompatibility of motherhood and employment" provided evidence of gender stereotyping).

Additionally, Lorefice's assertion that the DEC had no grounds to terminate him beyond gender stereotyping is belied by his own complaint, where he concedes he sent messages to DK proposing a life together, made her feel uncomfortable, and had previously engaged in similar behavior towards another coworker. This conduct itself provided reasons for the DEC to terminate Lorefice, independent of however the DEC may have viewed him in relation to his gender. Whether or not his actions amounted to sexual harassment is not for this Court to decide, as Title

6

VII claims are not appropriately used to collaterally attack any adverse employment decision.

In analyzing Lorefice's request to amend his complaint, this Court reviews the district court's decision denying leave to amend as futile under a *de novo* standard. *See Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164 (2d Cir. 2015). A proposed amendment is deemed futile when it "could not withstand a motion to dismiss." *Id.* at 164–65. As an initial matter, Lorefice had the opportunity to amend after the motion to dismiss was filed. *Lorefice*, 2022 WL 3577102, at *6. But he stated in his opposition to that motion that he "has not sought to amend his complaint" and did not seek to do so. *Id.* Further, the district court found that "the DEC had valid grounds to terminate" Lorefice and that his briefing provided no information as to how he would amend his complaint to correct the deficiencies already identified by the district court. *Id.* This Court agrees. Therefore, the district court was correct in concluding that granting Lorefice leave to amend his complaint would be futile.

\*                    \*                    \*

We have considered Lorefice's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court